**John Fosdick EMERY, Plaintiff,**

v.

**Carol C. LAISE et al., Defendants.**

**Civ. A. No. 75–381.**

United States District Court,
District of Columbia.

Oct. 8, 1976.

Mark H. Lynch, Larry P. Ellsworth, Washington, D. C., for plaintiff.

Jeffrey Axelrad, Sandra Wien, Civ. Div., U. S. Dept. of Justice, Washington, D. C., for defendants.

## ORDER

FLANNERY, District Judge.

This matter comes before the court on plaintiff's motion for a finding pursuant to 5 U.S.C. § 552(a)(4)(F). This case involves a Freedom of Information Act (FOIA) request for documents. Plaintiff sought documents from the State Department relating to his employment with the World Food Program. After a lawsuit was filed in this court but before litigation on the issue of whether defendants properly relied on certain exemptions in withholding the documents, defendants voluntarily released the contested documents.

Plaintiff now asks this court to find that the circumstances surrounding the withholding of the documents in question raise questions as to whether agency personnel acted arbitrarily or capriciously in denying access to these documents. 5 U.S.C. § 552(a)(4)(F) provides:

> Whenever the court orders production of any agency records improperly withheld from the complainant and assesses against the United States reasonable attorney fees and other litigation costs, and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the Civil Service Commission shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding.

Thus, plaintiff essentially asks this court to initiate a Civil Service Commission investigation of the agency officials responsible for the withholding.

■ The unambiguous words of the statute present a major hurdle to plaintiff's motion. By its terms, the court may make such a finding only when "the court orders production of any agency records improperly withheld." In this case the court has not ordered the production of any agency records; thus the statutory provision is inapplicable. Plaintiff argues that the policy behind section 552(a)(4)(F) was to ensure faithful compliance with FOIA and points to three prior refusals by defendants to release the documents in question. Defendants should not, plaintiff argues, escape accountability after unreasonably forcing plaintiff to seek court redress. However

attractive this notion of accountability may seem, it does not, of course, erase the plain words of the statute.

Plaintiff also suggests that this court's award of attorney's fees to plaintiff by order of June 3, 1976 should suffice to invoke a section 552(a)(4)(F) analysis because of the determination that plaintiff had substantially prevailed on the merits. *See* Order at 4; 5 U.S.C. § 552(a)(4)(D). This argument ignores the fact that an order of production and an award of attorney's fees are two separate prerequisites for a 552(a)(4)(F) finding. The only case cited by plaintiff in which a 552(a)(4)(F) finding was made, *Holly v. Acree*, involved the required court order of production of withheld documents.

Because the court decides the motion on this ground, it need not reach the issue of whether defendants' actions raise questions of arbitrary or capricious withholding of the documents.

Accordingly, it is, by this court, this 8th day of October, 1976,

ORDERED that plaintiff's motion for a finding pursuant to 5 U.S.C. § 552(a)(4)(F) be, and the same hereby is, denied.